UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAUL CHAVEZ,<br><br>　　　　　　Petitioner,<br><br>　　　v.<br><br>WARDEN VASQUEZ,<br><br>　　　　　　Respondent. | No. CV 17-01188-AB (DFM)<br><br>ORDER TO SHOW CAUSE |

On February 6, 2017, Raul Chavez ("Petitioner") constructively filed pro se a Petition for Writ of Habeas Corpus by a Person in State Custody, challenging his January 2007 convictions in Los Angeles County Superior Court for burglary, robbery, personal use of a firearm, and assault.[1] Dkt. 1

---

[1] Under the "mailbox rule," a pro se prisoner's habeas petition is constructively filed when he gives it to prison authorities for mailing to the court clerk. Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014); see also Houston v. Lack, 487 U.S. 266, 276 (1988). Under this rule, a court generally deems a habeas petition filed on the day it is signed, Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010), because it assumes that the petitioner turned the petition over to prison authorities for mailing that day, see Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per curiam) (as

("Petition") at 2, 19, 59-61 (abstract of judgment).[2] On June 4, 2007, Petitioner was sentenced to 35 years and 8 months for those crimes. Id. at 2, 19, 59-61, 76-80. According to Petitioner, he attempted to file a notice of appeal in April 2008, but the Superior Court rejected it as untimely.[3] Id. at 2, 19.

On or around July 13, 2016, Petitioner filed a habeas petition in the Los Angeles County Superior Court. Id. at 43. On July 15, 2016, the Superior Court denied the petition because Petitioner had failed to (1) state a prima facie case for relief, (2) explain and justify the "significant delay" in seeking habeas relief, and (3) raise all of his claims in his earlier habeas petition or on appeal.[4] Id. at 43-44 (Superior Court order). On or around November 16, 2016, Petitioner filed a habeas petition in the California Supreme Court, which summarily denied it on January 11, 2017. Id. at 14 (Supreme Court order); see also Appellate Cts. Case Information, http://www.courts.ca.gov/supremecourt.htm (search for case no. S238425).

---

amended). Petitioner signed his Petition on February 6, 2017. Petition at 8.

[2] All citations to the Petition use the CM/ECF pagination.

[3] Although Petitioner asserts that he filed a notice of appeal in this case in April 2008, the California Courts case-information website shows that the notice of appeal was filed in January 2009 and denied as untimely in March 2009. See Appellate Cts. Case Information, http://appellatecases.courtinfo.ca.gov/search.cfm?dist=2 (search for case no. B213229). The website also shows that in April 2008, Petitioner filed a notice of appeal in a different case; the California Court of Appeal affirmed that judgment. See Appellate Cts. Case Information, http://appellatecases.courtinfo.ca.gov/search.cfm?dist=2 (search for case no. B198816).

[4] The Los Angeles County Superior Court's case-information website shows that Petitioner filed two other habeas petitions in that court: one in August 2015 and the other in September 2016. See Superior Ct. of Cal., Cty. of L.A., Criminal Case Summary, http://www.lacourt.org/criminalcasesummary/ui/ (search for case no. TA084148).

2

For the reasons discussed below, the Petition appears to be untimely by several years. Petitioner is therefore ordered to show cause in writing by March 27, 2017, why his Petition should not be dismissed with prejudice as time barred.

### A.   The Petition Is Facially Untimely

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner's judgment was final on June 7, 2007. Petition at 59-61 (abstract of judgment). Because he did not timely appeal, id. at 2, his convictions and sentence became final 60 days later, on August 6, 2007. See Stancle v. Clay, 692 F.3d 948, 951 (9th Cir. 2012); Cal. R. Ct. 8.308(a) (notice of appeal must be filed within 60 days of judgment). Assuming the AEDPA limitation period began running on that date, it expired one year later, on August 6, 2008. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). Petitioner did not constructively file the Petition until February 6, 2017, more than 8 years later.

### B.   Later Trigger Dates

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B), (C), or (D). He does not assert that he was impeded from filing his federal petition by unconstitutional state action. See § 2244(d)(1)(B). Nor are his claims based on a federal constitutional right that was newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. See § 2244(d)(1)(C). Finally, Petitioner has been long

aware of the underlying factual predicates of his claims, which challenge the sufficiency of the evidence supporting the jury's verdicts and the trial court's sentencing determination. See Petition at 17, 29; § 2244(d)(1)(D); Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (holding that limitation period under § 2244(d)(1)(D) begins running when petitioner knew of facts underlying claims, not when he realized their "legal significance").

### C. Statutory Tolling

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2). According to information available on the Los Angeles Superior Court's website, Petitioner did not file a state habeas petition until at least August 2015, long after the limitation period expired. See Superior Ct. of Cal., Cty. of L.A., Criminal Case Summary, http://www.lacourt.org/criminalcasesummary/ui/ (search for case no. TA084148). He therefore is not entitled to statutory tolling. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of a limitation period that ended before the state petition was filed[.]").

### D. Equitable Tolling

Federal habeas petitions are subject to equitable tolling of the one-year limitation period in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, the petitioner must show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented his timely filing. Id. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Ninth Circuit has noted that its "sparing application of the doctrine of equitable tolling" is consistent with the Pace standard. Waldron-Ramsey v. Pacholke, 556 F.3d

1008, 1011 (9th Cir. 2009). Thus, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted, alteration in original).

Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); see also Waldron-Ramsey, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'" (quoting Harris v. Carter, 515 F.3d 1051, 1054-55 (9th Cir. 2008), alteration in original)). The petitioner bears the burden of demonstrating by a preponderance of the evidence that AEDPA's limitation period should be equitably tolled. See Pace, 544 U.S. at 418; Holt v. Frink, No. 15-01302, 2016 WL 125509, at *4 (N.D. Cal. Jan. 12, 2016) (collecting cases).

Petitioner contends that he filed the Petition late because he is "only a Spanish speaking person, and knows no English at all," and "all information in law provided by the prison law library" is "only in English." Petition at 15. Petitioner states that he recently met a "new friend" who helped prepare the Petition. Id. Petitioner states that he is "poor and cannot afford an attorney" and therefore must rely on other prisoners for help. Id.

The Ninth Circuit has held that "a non-English-speaking petitioner

seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006); see also Yeh v. Martel, 751 F.3d 1075, 1078 (9th Cir. 2014) ("Lack of English proficiency can constitute an extraordinary circumstance for equitable tolling purposes, but only when the petitioner is unable to procure legal materials in his own language or to obtain translation assistance."). Petitioner does not contend that he took any action to obtain legal materials in Spanish or any sort of translation assistance before the AEDPA limitation period expired or during the following 8 years. Thus, even assuming that Petitioner alleged a sufficient language barrier to justify extraordinary circumstances, he has failed to demonstrate that he pursued his rights diligently.

**E.      Conclusion**

A district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of a petition, and it may summarily dismiss the petition on that ground under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, as long as the court gives the petitioner adequate notice and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before March 27, 2017, Petitioner show cause in writing why the Court should not dismiss this action with prejudice because it is untimely. If Petitioner intends to rely on the equitable-tolling doctrine, he will need to include with his response to this Order to Show Cause a declaration under penalty of perjury stating facts showing that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way." He may submit any other

evidence he deems appropriate to support his claim for tolling.

Petitioner is expressly warned that his failure to timely respond to this Order may result in his Petition being dismissed for the reasons stated above and for failure to prosecute.

Dated: February 28, 2017

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

7